UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN R. LIDDELL,

        Plaintiff,

vs.

        Case No. 13-13660
        HON. GERSHWIN A. DRAIN

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as trustee under pooling and
servicing agreement dated as of June 1, 2007
Securitized Asset Backed Receivables LLC
Trust 2007-BR5, and OCWEN LOAN
SERVICING LLC, successors in interest or
assigns,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND CANCELLING OCTOBER 29, 2013 HEARING

### I. INTRODUCTION

On July 17, 2013, Plaintiff John Liddell commenced the present action in the Oakland County Circuit Court, Pontiac, Michigan seeking to set aside a sheriff's sale of his residential property located 4821 Railroad, Highland, Michigan (the "Property"). Plaintiff's Complaint raises the following claims: Count I, Fraudulent Misrepresentation; Count II, Estoppel; Count III, Negligence; Count IV, Violation of Michigan's Occupational Code, M<small>ICH</small>. C<small>OMP</small>. L<small>AWS</small> §§ 339.915 and .918 ("MOC"); and Count V, Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k ("FDCPA").

On August 26, 2013, Defendants, Duetsche Bank National Trust Company, as Trustee

Under the Pooling and Servicing Agreement Dated as of June 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR5 ("Duetsche Bank") and Ocwen Loan Servicing LLC ("Ocwen") removed the instant action to this Court. Presently before the Court is the Defendants' Motion to Dismiss Plaintiff's Compliant, filed on August 30, 2013.  The matter is fully briefed and the Court finds that oral argument will not aid in the resolution of this matter, therefore the October 29, 2013 hearing is cancelled and the motion will be resolved on the briefs submitted.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons that follow, the Court grants Defendants' Motion to Dismiss Plaintiff's Complaint and dismisses this action.

## II.     FACTUAL BACKGROUND

Plaintiff took out a mortgage on the Property on October 18, 2006 in the amount of $148, 750.00.  *See* Compl., Ex.  C.  The Mortgage states "'MERS' is Mortgage Electronic Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument." *Id.*  On November 2, 2012, MERS assigned the mortgage to Deutsche Bank. *See* Def.'s Mot., Ex. B.  The assignment was recorded on November 9, 2012, Liber 44940, Oakland County Register of Deeds. *Id.*  Ocwen services the loan on behalf of Deutsche Bank.

After Plaintiff entered into the mortgage agreement, he began to experience financial difficulties. Plaintiff heard that Deutsche Bank was working with people who faced similar financial hardships so they could remain in their homes.  *See* Compl.¶ 8.  Plaintiff claims the bank advised him that he would need to stop making his monthly mortgage payments in order to obtain a loan modification.  *Id.* at ¶ 9.  Plaintiff stopped making his payments and defaulted on his loan.

The bank sent Plaintiff loan modification paperwork and Plaintiff prepared and returned documentation requested by the bank. *Id.*  at ¶ 12.  Despite completing all the necessary paperwork,

Plaintiff was denied a loan modification and his home was ultimately sold at a sheriff's sale on January 15, 2013. *Id.* at ¶ 15. Thus, the statutory redemption period expired on July 15, 2013.

### III. LAW & ANALYSIS

#### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires

"more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id*.

The district court generally reviews only the allegations set forth in the complaint in determining on whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

      **B.**      **Defendants' Motion to Dismiss Plaintiff's Complaint**

Defendants maintain that all of Plaintiff's claims challenging the foreclosure sale are subject to dismissal because Plaintiff failed to redeem the property within the redemption period. Defendants further argue that even if Plaintiff's claims were not barred by the expiration of the statutory redemption period, his claims are subject to dismissal because he has failed to state any valid claims upon which relief can be granted. The Court agrees that Plaintiff's Complaint fails to allege any claims upon which relief may be granted.

Here, Plaintiff fails to allege facts sufficient to challenge the foreclosure sale after the expiration of the statutory redemption period. Once the redemption period following a foreclosure of a parcel of real property has expired, the former owner's rights in and title to the property are extinguished. *See Overton v. Mortgage Electronic Registration Systems*, No. 07-725429, 2009 WL 1507342, *1 (Mich. App. May 28, 2009); *Mitan v. Fed. Home Loan Mortg. Corp*., 703 F.3d 949, 951 (6th Cir. 2012). ). "[T]he filing of a lawsuit is 'insufficient to toll the redemption period,' Plaintiff must make a clear showing of fraud or irregularity to maintain this action." *Conlin v.*

-4-

*Mortgage Elec. Registration Sys.,* 714 F.3d 355, 360 (6th Cir. 2013) (quoting *Overton*, 2009 Mich. App. LEXIS 1209, at *1).

"The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a *clear showing of fraud, or irregularity*." *Overton*, 2009 WL 1507342, at *1(emphasis added)(citing *Schulthies v. Barron*, 16 Mich.App 246, 247-248; 167 NW2d 784 (1969)). In *Conlin*, the Sixth Circuit Court of Appeals confirmed that a court's power to set aside a foreclosure sale after the expiration of the statutory redemption period is "drastically circumscribed." *Conlin*, 714 F.3d at 359. In order for a foreclosure to be set aside post-redemption, Plaintiff must make a clear showing of fraud or irregularity in the foreclosure procedure itself. *Id.* at 359-60 ("[A] plaintiff-mortgagor must meet this 'high standard' in order to have a foreclosure set aside after the lapse of the statutory redemption period.")

Here, all of Plaintiff's rights in the property were extinguished when the redemption period expired on July 15, 2013, and he has failed to demonstrate fraud or irregularity during the foreclosure process sufficient to set aside the foreclosure sale. In order for Plaintiff to meet the high standard for setting aside the foreclosure sale, he must show prejudice. Plaintiff can show prejudice by demonstrating that he "would have been in a better position to preserve [his] interest in the property absent defendant's noncompliance with the statute." *Kim v. JP Morgan Chase*, 493 Mich. 98, 115; 825 N.W.2d 329 (2012). Here, Plaintiff does not allege any procedural issues with the foreclosure process itself, therefore he lost all right, title and interest in the Property upon the expiration of the redemption period.

In any event, Plaintiff's claims are subject to dismissal for additional reasons. Plaintiff's claim for fraudulent misrepresentation fails as a matter of law. In order to establish a claim for

fraudulent misrepresentation, Plaintiff must demonstrate: (1) that the Defendants made a material representation, (2) that was false, (3) that Defendants knew was false, or that was made recklessly, without any knowledge of its truth, (4) that Defendants made it with the intention that Plaintiff would act upon it, and (5) the Plaintiff acted in reliance upon it, and (6) suffered damages. *See Hi-Way Motor Co. v. Internat'l Harvester Co.*, 398 Mich. 330, 336; 247 N.W. 2d 813 (1976). Here, Plaintiff alleges that the bank made a false representation that he was eligible for a loan modification, the loan modification was denied and Defendant should have known that Plaintiff would not qualify for a modification.

As an initial matter, Plaintiff's pleading does not contain any factual allegations concerning the who, when, or any specific detail surrounding the allegedly fraudulent statement. *See* Fed. R. Civ. P. 9(b) ("[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Moreover, Plaintiff's fraud claim concerns an alleged broken promise of a future loan modification. However, "an action for fraudulent misrepresentation must be predicated upon a statement relating to a past or an existing fact." *Hi-Way Motor Co. v. Internat'l Harvester Co.*, 398 Mich. 330, 336; 247 N.W.2d 813 (1976). "Future promises are contractual and do not constitute fraud." *Id*. Further, Michigan law requires certain types of agreements be in writing to be enforceable. *See Crown Technology Park v. D&N Bank, F.S.B.*, 242 Mich. App. 538, 548; 619 N.W. 2d 66 (2000). Michigan Compiled Laws § 566.132(2) states:

> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.

MICH. COMP. LAWS § 566.132(2)(a).

In *Crown Technology*, the Michigan Court of Appeals held that section 132(2) barred the plaintiff's promissory estoppel claim, which alleged that the defendant bank orally promised to waive a prepayment penalty provision in the plaintiff's mortgage loan. *Crown Technology*, 242 Mich. App. at 550 (Section 132(2) "plainly states that a party is precluded from bringing a claim–no matter its label–against a financial institution to enforce terms of an oral promise to waive a loan provision."). Plaintiff's fraudulent misrepresentation claim fails because Plaintiff provides no factual allegations that an authorized representative of the bank made the promise to modify his loan and reduced such promise to a written agreement. Plaintiff's fraudulent misrepresentation claim fails for these additional reasons.

Additionally, for the same reason that Plaintiff cannot state a claim for fraud, he also cannot state a claim for promissory estoppel. *Id.* at 550. Plaintiff's negligence claim likewise fails as a matter of law because Defendants owe no duty to Plaintiff. *See Kevelighan v. Trott & Trott, P.C.*, 771 F.Supp. 2d 763, 779 (E.D. Mich. 2010)(no fiduciary duty arises in the lender-borrower context under Michigan law); *Farm Credit Servs. of Michigan's Heartland, P.C.A. v. Weldon*, 232 Mich. App. 662, 680; 591 N.W.2d 438 (2006).

Further, Plaintiff's claim under the FDCPA is also subject to dismissal because Defendants are not 'debt collectors' under the Act. The FDCPA excludes from the definition of a debt collector: "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement . . . ." 15 U.S.C. § 1692a(6)(F)(I). Deutsche Bank is Plaintiff's creditor and thus cannot be a "debt collector" under the Act. *See Montgomery v. Huntington Bank*, 346 F. 3d 693, 698-99 (6th Cir. 2003) ("A creditor is not a debt collector for purposes of the FDCPA and

creditors are not subject to the FDCPA when collecting their accounts.") Further, Ocwen services Plaintiff's mortgage for the Duetsche Bank, and therefore has a fiduciary obligation to Deutsche Bank to collect payments. "[T]he law is well-settled that . . . creditors, *mortgagors* and *mortgage servicing companies* are not debt collectors and are statutorily exempt from liability under the FDCPA." *Scott v. Wells Fargo Home Mortg., Inc.*, 326 F. Supp. 2d 709, 718 (E.D. Va. 2003) (emphasis in original). Therefore, neither Deutsche Bank nor Ocwen are debt collectors under the FDCPA and Plaintiff's claim must be dismissed based on this additional reason.

Similarly, Plaintiff's claim that Defendants violated the MOC fails to state a claim upon which relief can be granted. The MOC does not apply to "a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency . . . ." MICH. COMP. LAWS § 339.901(b). Neither defendant Deutsche Bank nor Ocwen is a collection agency under the MOC.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's Complaint [#3] is GRANTED. This cause of action is dismissed.

SO ORDERED.

Dated: October 28, 2013

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

A copy of this Order was served upon attorneys of record by ordinary mail or electronic mail.

s/Tanya R Bankston
Deputy Clerk